## Thomas v. Smullen.

*M. W. Sloan*, for plaintiff; *Paul Reilly*, for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Oct. 2, 1930.—The plaintiff brought this suit upon a promissory note admittedly given by the defendant. The jury returned a verdict in favor of plaintiff for $1011, the amount of the note with interest.

The defendant has taken a rule for a new trial, and in support of this rule assigns (1) that the court erred in overruling the objection of the defendant (prior to the jury being drawn and sworn) to going to trial, because of a suit previously brought upon the same cause of action having been discontinued in the Court of Common Pleas No. 2 of Philadelphia County; (2) that the trial judge erred in charging the jury that there was no evidence that plaintiff falsely made the alleged representations concerning the title to the King farm in question; (3) that the trial judge erred in charging the jury concerning the settlement certificate of the Colonial Trust Company, its effect and contents; (4) that the verdict was against the evidence and the weight of the evidence; (5) that the verdict was against the law.

The plaintiff entered into a written agreement for the purchase of what is known as the King farm, in Chester County. The agreement, at or about the time of its execution, was assigned by plaintiff to the defendant. The purchase price for the farm was $14,000. The agreement called for a down payment of $500, which was admittedly paid by defendant, a second payment of $900 fifteen days later, and the balance at a subsequent time. The plaintiff paid the $900 second payment, which he testified was made by him at the request of the defendant. The defendant gave plaintiff his promissory note for this $900, which was subsequently renewed, and this renewal note is the basis of this suit.

The plaintiff testified that the defendant was the real purchaser of the farm, and that the agreement was signed by plaintiff so that the name of the defendant would not appear in subsequent negotiations for a sale which the latter contemplated making to some banker friend.

The defendant testified that the plaintiff had in effect guaranteed the title to the farm, stating that he, the plaintiff, knew the title was all right.

The written agreement for the sale of the farm contained a provision that the title should be such as would be insured by any reputable title and trust company doing business in Chester County, but there was no evidence that plaintiff assumed this provision of the agreement.

The defendant contended that plaintiff had also agreed to finance a portion of the purchase by securing two mortgages of $10,000 and $1000 respectively. The plaintiff admitted that he had agreed to raise the sum of $11,000 upon mortgages, but contended that they were to be for $8000 and $3000 respectively, and further testified that he had arranged for these mortgages as agreed by him.

An official of the Colonial Trust Company was permitted to testify without objection as to the defects in the title and objections to its insurance. A settlement certificate prepared by the trust company was subsequently admitted in evidence, but the court rejected certain notations on the back of this certificate, these supplementary notes not being signed by the company or any of its officers, whereas the face of the certificate was signed by an officer. Among these notations on the back of the certificate were requests for the furnishing of tax receipts, and a suggestion that a survey of the farm should be made. As the certificate was made up, these notations appearing on the back were not a part of it, and we think the reference thereto in the charge was properly made. Indeed, the whole certificate might well have been excluded, because the plaintiff was not in any sense a party to the provision in the written agreement calling for such a title as would be insured by a title and trust company. The agreement was a matter between the seller and the buyer, and when the plaintiff sold and assigned his interest in this agreement to the defendant, its provisions were only pertinent and material as between the seller of the farm and the assignee of the agreement, the defendant. The verdict was, therefore, not against the law nor against the evidence or the weight of the evidence, and the reference to the settlement certificate was properly made. We find no evidence in the case that would warrant even the inference that the alleged representations as claimed to have been made by plaintiff were falsely made, if made; and this disposes of the second reason assigned in support of the rule.

The first reason assigned in support of the rule is based upon Rule No. 2 of the Courts of Common Pleas of Philadelphia County, which reads as follows: "Bills in equity for discovery, or to enjoin pending proceedings at law, and new suits upon the same cause of action wherein a discontinuance or nonsuit has been entered, shall be assigned by the prothonotary to the court, term and number of the original action or proceeding."

The cause of action admittedly was originally brought in the Court of Common Pleas No. 2 and there discontinued, and if objection had been promptly made would have been transferred to that court. Really, the question is one of local practice; and where the attention of the prothonotary has not been drawn to the fact that a case for the same cause of action had been discontinued, he can hardly be expected to first search the records before assigning it to some other court. The defendant had practically immediate notice of the case being in the Court of Common Pleas No. 5, and if he objected to trial there he could have called the attention of the prothonotary to the fact and had it assigned to Common Pleas No. 2, or he could have applied to the judges of Common Pleas No. 5 and had the case transferred to Common Pleas No. 2. Moreover, prior to the Practice Act of 1915, where a case was improperly in

one court, the proper way to raise this question would have been by plea in abatement. Since the passage of that act pleas in abatement and similar pleas are abolished, but the act specifically provides that "defenses heretofore raised by these pleas shall be made in the affidavit of defense." The defense of this case being improperly in this court is not raised by the affidavit of defense. The sole reference to the former trial in the affidavit is in reply to paragraph 3 of the statement wherein the plaintiff sets forth that payment of the note has been demanded and refused. Replying to this paragraph 3 of the statement, the affidavit sets forth that "This defendant denies the averments of paragraph 3 of the statement of claim, except that demand for said sum was made in a certain suit brought by the plaintiff against the defendant in the Court of Common Pleas No. 2 of Philadelphia County, Pennsylvania, as of June Term, 1928, No. 720."

After making no early objections to the case being brought in this court, filing an affidavit of defense to the merits, and again raising no question of the case improperly being here, and permitting the case to be on the trial list, witnesses to be subpœnaed and the case called for trial, it was too late to raise the question of the propriety of the case being tried here.

We find no reason for disturbing this verdict.

And now, Oct. 2, 1930, rule discharged and judgment directed to be entered upon the verdict on payment of the jury fee.